UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| Phillip Gilmore, *on behalf of himself and others similarly situated*, | Civil Action No.: |
| Plaintiff, | Jury Trial Demanded |
| v. | |
| USCB Corporation, | |
| Defendant. | |

**Nature of this Action**

1.  Phillip Gilmore ("Plaintiff") brings this class action against USCB Corporation ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2.  Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to numbers assigned to a cellular telephone service, without prior express consent.

3.  Upon information and good faith belief, Defendant routinely violates 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse consumers in connection with the collection of debts.

**Jurisdiction and Venue**

4.  This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

5.  Venue is proper before this Court under 28 U.S.C. § 1391(b) as the acts and transactions giving rise to Plaintiff's action occurred, in part, in this district, and as Defendant

1

transacts business in this district.

**Parties**

6. Plaintiff is natural person who at all relevant times resided in Fort Valley, Georgia.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Defendant is a corporation located in Archbald, Pennsylvania.

9. Defendant "is nationally licensed and bonded with resident offices in Colorado, Hawaii, Nebraska, New Mexico, Wisconsin, and Wyoming." http://www.uscbcorporation.com/buss&creditors_about2.htm.

10. Defendant is a member of the "International Association of Credit and Collection Professionals, [and] the Mid Atlantic Collectors Association." *Id*.

11. Defendant offers services including "Third Party Collections, First Party Billing Services, Accounts Receiving Consulting, Legal Strategies, Other A.R.M. Special Programs, [and] Distressed Debt." http://www.uscbcorporation.com/buss&credit_services3.htm.

12. Defendant "stay[s] apprised of trends, [and] evolving strategies and new technologies." *Id*.

13. Defendant focuses on "[r]outinely adjusting schedule based on call patterns" and "targeted maximum coverage during peak hours to support volume fluctuations." *Id*.

14. Defendant's "inventory and portfolio factors" include "Skip Trace Success Rates, [and] Call Rotation Analysis." *Id*.

15. Defendant has a "[d]edicated QM team and recording of all calls." *Id*.

16. Defendant's "[c]all recordings are stored indefinitely on a secured server." *Id*.

17. Defendant has a "Dedicated IT Team Recourses [sic]" and "Leading Edge Technology." *Id*.

18. Defendant touts that it utilizes "Smart Technology," and its "philosophy is to harness IT innovations that deliver smarter, more efficient and better results." *Id*.

19. Defendant employs "[n]ew technologies, tactics & functions sourced continually to enhance collections efforts." *Id*.

20. Defendant is an entity that at all relevant times was engaged, by use of the telephone, in the business of attempting to collect a "debt"—in default—as defined by 15 U.S.C. § 1692a(5).

21. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

22. Sometime in 2017, Defendant began placing calls to Plaintiff's cellular telephone number—(478) 765-XXXX.

23. For example, Defendant placed at least one call to Plaintiff's cellular telephone number on February 24, 2017, and at least one call to Plaintiff's cellular telephone number on February 28, 2017.

24. Upon information and good faith belief, Defendant placed additional calls to Plaintiff's cellular telephone number.

25. Defendant placed some, if not all of its calls to Plaintiff's cellular telephone number, from (570) 876-7066.

26. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, as well as Defendant's use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

27.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, as well as Defendant's use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number by using equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers.

28.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, as well as Defendant's use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

29.     Plaintiff answered at least one of Defendant's calls to his cellular telephone number.

30. When Plaintiff answered Defendant's call, an artificial or pre-recorded voice prompt asked for someone other than Plaintiff—Johnny Lancaster.

31. On at least one occasion Plaintiff informed Defendant that he was not the person it was attempting to reach by placing calls to his cellular telephone number.

32. Plaintiff is not, nor was, one of Defendant's customers.

33. Plaintiff does not have, nor had, a business relationship with Defendant.

34. Plaintiff did not provide Defendant with his cellular telephone number.

35. Plaintiff did not give Defendant prior express consent to place calls to his cellular telephone number by using an automatic telephone dialing system or an artificial or prerecorded voice.

36. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

37. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number in connection with its attempt to collect a consumer debt in default.

38. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

39. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number under its own free will.

40. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system or an artificial or prerecorded voice to place its calls to Plaintiff's cellular telephone number.

41. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system or an artificial or prerecorded voice to place the calls to Plaintiff's cellular telephone number.

42. Upon information and good faith belief, Defendant maintains business records that show all calls it placed to Plaintiff's cellular telephone number.

43. Plaintiff suffered actual harm as a result Defendant's calls in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

44. As well, Defendant's calls at issue depleted or consumed, directly or indirectly, cellular telephone minutes for which Plaintiff paid a third party.

45. Moreover, Defendant's calls at issue unnecessarily tied up Plaintiff's cellular telephone line.

46. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system or an artificial or prerecorded voice to place calls to telephone numbers assigned to a cellular telephone service.

47. Defendant acknowledges that it places calls to wrong or reassigned telephone numbers:

> USCB Corporation owns and uses this phone number. We are a collection agency. If you are getting calls by mistake or simply do not want to be called, you can call (570)8766340 to remove the number and stop the calls. That number is an answering service where you can leave a message including the phone number we dialed and the reason for stopping calls. You can also call this number back or simply answer the call to let us know. Also listed below is our website and BBB links. We do not check 800notes after this message providing our information so please contact us directly if we can assist you with something.
>
> You can email us at help@uscbcorporation.com (Remember...we will need to know what number we are calling in order to correct any records.)

http://800notes.com/Phone.aspx/1-570-876-7066.

6

**Class Allegations**

48. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following two classes:

> *TCPA class*: All persons and entities throughout the United States (1) to whom USCB Corporation placed, or caused to be placed, calls (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) from May 16, 2014 though the date of class certification, (5) absent prior express consent—in that the called party was not the intended recipient.
>
> *FDCPA class*: All persons throughout the United States (1) to whom USCB Corporation placed, or caused to be placed, calls, (2) within the one year preceding the date of this complaint through the date of class certification, (3) and in connection with the collection of a consumer debt, (4) where the person called by BCA Financial Services, Inc. was not the person alleged to owe the debt.

49. The proposed classes specifically exclude the United States of America, the State of Georgia, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Eleventh Circuit, the Justices of the United States Supreme Court, any entity in which Defendant has or had a controlling interest, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

50. Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

51. The exact number of the members of the classes is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

52. The members of the classes are ascertainable because the classes are defined by reference to objective criteria.

53. In addition, the classes are ascertainable because, upon information and belief,

7

cellular telephone numbers, names, and addresses of the members of the classes can be identified in business records maintained by Defendant and by third parties.

54. There exists a well-defined community of interest in the questions of law and fact that affect the members of the classes.

55. Plaintiff's claims are typical of the claims of the members of the classes.

56. As it did for all members of the classes, Defendant used an automatic telephone dialing system and an artificial or prerecorded voice to place calls to Plaintiff's cellular telephone number, without prior express consent, and in violation of 47 U.S.C. § 227.

57. Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice and procedure on the part of Defendant.

58. Plaintiff's claims are based on the same theory as are the claims of the members of the classes.

59. Plaintiff suffered the same injuries as each of the members of the classes.

60. Plaintiff will fairly and adequately protect the interests of the members of the classes.

61. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

62. Plaintiff will vigorously pursue the claims of the members of the classes.

63. Plaintiff has retained counsel experienced and competent in class action litigation.

64. Plaintiff's counsel will vigorously pursue this matter.

65. Plaintiff's counsel will assert, protect, and otherwise represent the members of the classes.

66. Questions of law and fact common to the members of the classes predominate over

questions that may affect individual class members.

67. Issues of law and fact common to all members of the classes are:

    a. Defendant's violations of the TCPA;

    b. Defendant's violations of the FDCPA;

    c. Defendant's use of an automatic telephone dialing system as defined by the TCPA;

    d. Defendant's use of an artificial or prerecorded voice;

    e. Defendant's practice of calling wrong or reassigned phone numbers;

    f. The availability of statutory penalties; and

    g. The availability of attorneys' fees and costs.

68. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

69. If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

70. The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

71. The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

72. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

73. The damages suffered by each individual member of the classes may be relatively small; thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

74. The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

75. There will be little difficulty in the management of this action as a class action.

76. Defendant has acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

## Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

77. Plaintiff repeats and re-alleges each and every factual allegation included in paragraphs 1-76.

78. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system or an artificial or prerecorded voice to place non-emergency calls to Plaintiff's cellular telephone number, absent prior express consent.

## Count II
### Violation of 15 U.S.C. § 1692d

79. Plaintiff repeats and re-alleges each and every factual allegation included in paragraph 1-76.

80. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

## Trial by Jury

81. Plaintiff is entitled to, and hereby demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) and 15 U.S.C. § 1692d;

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the proposed TCPA class.

f) Awarding Plaintiff and the classes damages under 47 U.S.C. § 227(b)(3)(B) and 15 U.S.C. § 1692k(a)(1);

g) Awarding Plaintiff and the classes treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1692k(a)(1)(3);

i) Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

Date: March 30, 2017 /s/ Shireen Hormozdi
Shireen Hormozdi
1770 Indian Trail Lilburn Road
Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
shireen@norcrosslawfirm.com

Aaron D. Radbil (*to seek admission pro hac vice*)
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913
Austin, Texas 78701
Phone: (512) 322-3912
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

Counsel for Plaintiff and the proposed classes