UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| Phillip Gilmore, *on behalf of himself and others similarly situated,* | Civil Action No. 5:17-cv-00119-MTT |
| Plaintiff, | |
| v. | |
| USCB Corporation, | |
| Defendant. | |

**PLAINTIFF'S MOTION TO DECLARE INEFFECTIVE DEFENDANT'S OFFER OF JUDGMENT DATED AUGUST 2, 2017**

Philip Gilmore ("Plaintiff"), on behalf of himself and others similarly situated, respectfully requests that this Court declare ineffective the offer of judgment that USCB Corporation ("Defendant") served on August 2, 2017 (the "Offer"), or alternately declare the Offer ineffective until after this Court has ruled on Plaintiff's motion for class certification.

**Introduction**

At a nascent stage of this case, and shortly after Plaintiff served his initial discovery requests, Defendant offered Plaintiff $7,500 to abandon absent putative class members whose rights Defendant also violated, and who would receive no relief if Plaintiff accepts the Offer.[1] This procedural ploy, whereby Plaintiff would receive a windfall while members of the proposed classes receive nothing, is designed to shirk the requirements of Fed. R. Civ. P. 23 by forcing Plaintiff into a conflict with absent class members.

---

[1] The Offer also provides for payment of attorney's fees and costs to be negotiated by the parties or, if the parties cannot reach an agreement, to be decided by this Court. Out of an abundance of caution, Plaintiff has not attached the Offer to this motion. Should the Court wish to review the Offer, Plaintiff can provide a supplemental filing.

To be sure, Plaintiff filed his class action complaint (the "Complaint") based on violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, not just on his own behalf, but also on behalf of two classes of similarly situated consumers. *See* ECF No. 1. And against this backdrop, Defendant impermissibly seeks to have Plaintiff abandon those absent class members for his own pecuniary benefit—while at the same time threatening to hold Plaintiff personally and solely responsible for all costs incurred after the date of its Offer in the event he rejects the Offer.

Plaintiff should not be forced into such a dilemma at the expense of the proposed classes. Indeed, the Eleventh Circuit has not only recognized that such an attempt to "pick off" class representatives and undercut class claims fails to moot an action if the offer is not accepted, but also looks with a jaundiced eye towards such tactics. *Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698, 709 (11th Cir. 2014).[2] This Court should therefore declare Defendant's Offer to be ineffective under Rule 68—just as district courts across the country have done when faced with nearly identical circumstances.

**Factual Background**

On March 30, 2017, Plaintiff filed his complaint, which Defendant answered on May 4, 2017. ECF No. 11. Plaintiff subsequently amended his complaint on June 21, 2017. ECF No. 13. Meanwhile, Plaintiff submitted initial discovery requests to Defendant on June 8, 2017, and amended those discovery requests on July 21, 2017. While discovery responses were pending, on August 2, 2017, Defendant submitted the Offer to Plaintiff in the amount of $7,500, requiring a response by August 16, 2017. The Offer—made long before class certification would be briefed

---

[2] Internal citations and quotations are omitted, and emphasis is added, unless otherwise noted.

and in the earliest stages of discovery—offered no relief to absent class members. In doing so, the Offer aims to pit Plaintiff against the putative classes he seeks to represent.

## Argument

### A. Fed. R. Civ. P. 68 should not be used to undermine the class action device.

Federal Rule of Civil Procedure 68 provides that "[a]t least 14 days before the date set for trial, a defendant may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). If the plaintiff does not then accept the offer, and the relief that the plaintiff finally obtains is less favorable than the unaccepted offer, the plaintiff must pay the costs incurred after the date of the offer. Fed. R. Civ. P. 68(d).

While a Rule 68 offer of judgment may, in some circumstances, eliminate a legal dispute, it is not "an escape hatch from every lawsuit." *Nash v. CVS Caremark Corp.*, 683 F. Supp. 2d 195, 196 (D.R.I. 2010). Quite significant to this matter, "nothing in Rule 68 itself suggests that it should be used as a vehicle for sabotaging claim-aggregating devices like [] Rule 23." *Id.* Indeed, "[a]s sound as is Rule 68 when applied to individual plaintiffs, its application is strained when an offer of judgment is made to a class representative." *Weiss v. Regal Collections*, 385 F.3d 337, 344 (3d Cir. 2004). This is, in part, because when a defendant serves a pre-certification Rule 68 offer of judgment in connection with a class action, it forces the plaintiff to weigh his own interest—avoiding personal liability for all costs incurred after the date of a respective Rule 68 offer of judgment—against the ultimate recovery to which the members of the classes that he seeks to represent are potentially entitled. This is precisely the dilemma Defendant has intentionally thrust upon Plaintiff.

This is doubly true when an offer of judgment is not made in good faith, as is often the case with pre-certification offers in class actions. As a general notion, "Federal courts apply Rule

68(d)'s cost-shifting provisions so long as the offer is made in 'good faith.'" *Slovin v. Sunrun, Inc.*, No. 15-CV-5340 YGR, 2017 WL 2902902, at *1 (N.D. Cal. July 7, 2017) (collecting cases holding similarly). However, "[s]ome courts therefore have suggested that offers that in form satisfied the rule might nevertheless be denied the Rule 68 cost-shifting consequences because they were sham or were made in bad faith." *Id.* (citing 12 Charles Allan Wright, Arthur R. Miller, *et al.*, *Fed. Prac. & Proc. Civ.* § 3002.1 (2d ed. 2017)). That is because—typically in the case of class actions—such offers are not made to discourage individual plaintiffs "'persisting vexatiously after refusing an offer of settlement,' but faithfully representing the interests of the putative class." *Id.*

As the court in *Lamberson v. Fin. Crimes Servs., LLC*, 2011 WL 1990450, at *3-*4 (D. Minn. April 13, 2011), explained:

> The other issue is whether a precertification offer of judgment creates an impermissible conflict of interest between the putative class representative and the putative class. As discussed at the outset, if the putative class representative faces cost liability but the putative class does not, this creates an incentive for the representative to act against the interests of the class. Because of this conflict, some courts have invalidated precertification offers of judgment.
>
> *   *   *
>
> This Court concludes that, to prevent an improper conflict of interest between a putative class representative and the putative class, a precertification offer of judgment must be deemed ineffective.

*See also Zeigenfuse v. Apex Asset Mgmt., L.L.C.*, 239 F.R.D. 400, 402 (E.D. Pa. 2006) (striking offer of judgment).

Pre-certification offers are especially concerning because it is the time before the certification of the class when the work of the class representative is often the most important, time-consuming, and risky, as it is during this time that the representative seeks to convince the court that the claim is worthy of class certification—an expensive proposition without a guarantee of success. *See Boles v. Moss Codilis, LLP*, 2011 WL 4345289, at *2 (W.D. Tex. Sept. 15, 2011)

(striking offer of judgment to proposed class representative). "As a result, the Rule 68 offer places improper pressure on the named plaintiff to drop the class action. This result, however, is not the one intended by Rule 68." *Id.* at *2-*3.

Given that Defendant did not present the Offer to Plaintiff here to ward off a vexatious litigant, but rather to drive a wedge between Plaintiff and the classes he seeks to represent, this Court should reject Defendant's gamesmanship in attempting to "pick off" Plaintiff.

### B. This Court should declare Defendant's Offer ineffective until it applies to the classes, or until after a ruling on class certification.

The use of Rule 68 offers of judgment in proposed class actions is not a novel tactic, and numerous courts have faced this very issue and discussed the unique challenges related to pre-certification offers of judgement. To resolve the inherent conflict in such offers, courts often strike or otherwise declare ineffective offers of judgment made on an individual basis to proposed class representatives in Rule 23 class actions. As explained in *Stewart v. Cheek & Zeehandelar, LLP*:

> Finally, Rule 68 offers of judgment prior to class certification pit the self interests of named plaintiffs against the interests of the class as a whole. This is the case because Rule 68 contains a cost-shifting provision, whereby if the plaintiff's ultimate recovery is less than what the defendant offered, the plaintiff must pay the costs the defendant incurred after the plaintiff rejected its Rule 68 tender. Courts have reasoned that putative class representatives cannot be forced to accept Rule 68 offers because contrary to their duty to litigate the case in the best interests of the class, the putative representatives would be compelled "to weigh [their] own interest in avoiding personal liability for costs under Rule 68 against the potential recovery of the class."

252 F.R.D. 384, 386 (S.D. Ohio 2008) (granting motion to strike Rule 68 offer of judgment to Rule 23 proposed class representative).

Other courts across the nation have held similarly:

- *Slovin*, 2017 WL 2902902 at *3 ("the Court finds the Offer runs contrary to the purpose of Rule 68 because there is an indication that the offer was not made in good faith . . . defendants' current Offer of judgment is declared INEFFECTIVE for

the purposes of Rule 68(d).");

- *Lafollete v. Liberty Mut. Fire Ins. Co.*, No. 2:14-CV-04147-NKL, 2015 WL 132670, at *4 (W.D. Mo. Jan. 9, 2015) ("Moreover, Defendant cannot use its offers of judgment to back Plaintiffs into a corner and force them to weigh the risk of having to pay Defendant's attorney's fees against the interests of the putative class in having the action litigated. To prevent this outcome, Defendant's offers of judgment must be stricken.");

- *Mavris v. RSI Enterprises Inc.*, 303 F.R.D. 561, 566 (D. Ariz. 2014) ("'Picking off' class representatives with paltry sums, thereby leaving other putative class members in the lurch, is an abuse of the Federal Rules that is designed to do nothing more than frustrate class actions. . . . Defendant's offer attempted to create 'an improper conflict of interest between a putative class representative and the putative class,' and for that reason it 'must be deemed ineffective.'");

- *Prater v. Medicredit, Inc.*, 301 F.R.D. 398, 401 (E.D. Mo. 2014) ("The cases discussed here recognize the rule that precertification offers should be stricken or invalidated where such offers create an early conflict of interest between the putative class representative and potential class members. This is so because such offers create an incentive for the representative to act against the interest of the class.");

- *Jones v. I.Q. Data Int'l, Inc., et al.*, 1:14-cv-00130-PJK-RHS, Doc. 34 at 3 (D.N.M. June 23, 2014) (declaring pre-certification offer of judgment ineffective until the court ruled on the plaintiff's to-be-filed motion for class certification: "Thus, assuming the named plaintiff files a timely motion for class certification after a Rule 68 offer of judgment, the certification motion will relate back to the date of the initial complaint. Accordingly, within fourteen days of a decision on a reasonably prompt motion for class certification, the Plaintiff may accept or reject Defendant I.Q. Data's offer.");

- *March v. Medicredit, Inc.*, No. 4:13CV1210 TIA, 2013 WL 6265070, at *4 (E.D. Mo. Dec. 4, 2013) ("Where a defendant presents a Rule 68 offer of judgment to the named plaintiff only, the plaintiff faces a conflict between accepting the amount offered to satisfy his individual claim or continuing to represent the putative class to obtain relief for the entire class. Therefore, to prevent an improper conflict of interest between a putative class representative and the putative class, a precertification offer of judgment must be deemed ineffective. As a result, the Court will strike Defendant's offer of judgment.");

- *Lamberson*, 2011 WL 1990450 at *3-*4 ("This Court concludes that, to prevent an improper conflict of interest between a putative class representative and the putative class, a precertification offer of judgment must be deemed ineffective.").

- *Johnson v. U.S. Bank Nat'l Ass'n*, 276 F.R.D. 330, 335 (D. Minn. 2011) ("Like

other courts have concluded, this Court concludes that Defendant's Rule 68 offer of judgment must therefore be stricken to prevent it from undermining the use of the class action device.") (internal citation omitted);

- *Hornicek v. Hornicek v. Cardworks Servicing, LLC*, No. 10-CV-3631, 2011 WL 1419607, at *1 (E.D. Pa. Mar. 18, 2011) ("The offer of judgment must be stricken now, rather than later, in order to avoid placing Mr. Hornicek's own personal interests at odds with the members of the class.");

- *Boles*, 2011 WL 4345289 at *2-*3 ("This Court agrees with those courts that have stricken the offers of judgment.");

- *Smith v. NCO Fin. Sys., Inc.*, 257 F.R.D. 429, 434 (E.D. Pa. 2009) ("The Court, however, declines to follow this rationale, as it is persuaded that an offer of judgment must be stricken at this stage of litigation to prevent it from undermining the use of the class action device.") (internal citation omitted);

- *Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 384, 386-87 (S.D. Ohio. 2008) ("Finally, Rule 68 offers of judgment prior to class certification pit the self interests of named plaintiffs against the interests of the class as a whole. . . . Accordingly, Plaintiff's motion to strike is granted.");

- *Sampaio v. People First Recoveries, LLC*, 07-22436-CIV, 2008 WL 509255, at *1 (S.D. Fla. Feb. 19, 2008) (Because Defendant's Rule 68 offer of judgment addresses only Plaintiff's individual claims, and does not address the class demands, "the threat of costs associated with silence in the face of the offer serves no useful purpose at this stage of a potential class action.");

- *Jenkins v. Gen. Collection Co.*, 246 F.R.D. 600, 602-03 (D. Neb. 2007) ("As long as relief on behalf of the class has not been addressed, Judge Gossett's determination that the offer of judgment must now be stricken to prevent it from undermining the use of the class action device, is appropriate.") (internal citation omitted);

- *Strausser v. ACB Receivables Mgmt., Inc.*, No. CIV.A.06 5109, 2007 WL 512789, at *2 (E.D. Pa. Feb. 12, 2007) ("I agree with this reasoning and will grant plaintiffs' motion to strike.");

- *Zeigenfuse*, 239 F.R.D. at 403 ("We agree with *Janikowski* that the offer of judgment must now be stricken to prevent it from undermining the use of the class action device.");

- *Janikowski v. Lynch Ford, Inc.*, No. 98 C 8111, 1999 WL 608714, *2 (N.D. Ill. Aug. 5, 1999) ("[A] potential conflict of interest arises if a class representative is forced to consider a settlement offer made to her personally. . . . Accordingly, Janikowski's motion to strike Lynch Ford's April 29, 1999 offer of judgment is

granted."), *aff'd*, 210 F.3d 765 (7th Cir. 2000).

As explained in *Mavris*, courts that have faced this question fall into one of three camps: "The most common approach is to grant a plaintiff's motion to strike the Rule 68 offer." 303 F.R.D. at 564. The second camp "renders [offers] ineffective" by requiring that they be made to the putative class and not the named plaintiff alone, if the defendant wishes to later impose costs on the plaintiff. *Id.* Lastly, a minority of courts "simply 'refuse to take any action regarding the Rule 68' offers of judgment." *Id.*; *see also, e.g.*, *Jacobson v. Persolve, LLC d/b/a Account Resolution Assoc.*, No. 14-CV-00735-LHK, 2014 WL 4090809 (N.D. Cal. Aug. 19, 2014) (declining to strike unaccepted offer of judgment under Rule 12(f) where offer was not a filed pleading).[3]

But those minority cases largely turn on the professed procedural concerns regarding moving to strike a document that is not a pleading and which is not filed with the court. *Id.* at *4; *see also, e.g.*, *Roundtree v. Bush Ross, P.A.*, No. 814CV00357T27AEP, 2014 WL 12638851 (M.D. Fla. Apr. 24, 2014) (ruling similarly under Rule 68). Critically, the rulings fail to account for the immediate issues and dilemmas faced by class representatives when presented with Rule 68 offers, whereas the abundance of authority examining such concerns concludes that such offers must be stricken or declared ineffective. *See also Slovin*, 2017 WL 2902902 at *5 (rejecting the notion that the plaintiff's motion to declare a Rule 68 offer ineffective was premature, because "a pre-certification offer can have an 'immediate adverse impact' on individual plaintiffs" and "the existence of the offer creates a 'current and meaningful legal dispute arising from the conflict of interests caused by the Rule 68 offer.'").

---

[3]    Plaintiff does not ask this Court to strike the Offer under Rule 12(f), as was the case in *Jacobson*, but instead to deem it ineffective prior to a ruling on class certification.

**C. In the event this Court decides not to strike the Offer, it should allow Plaintiff to accept or reject the Offer within 14 days of a decision on Plaintiff's motion for class certification.**

Should this Court, for any reason, decline to strike the Offer, this Court should follow the guidance of Circuit Judge Kelly, sitting by designation, in *Jones*, 1:14-cv-00130-PJK-RHS, Doc. 34 at 3, who declined to strike the defendant's offer of judgment, but held it ineffective until the court ruled on the plaintiff's to-be-filed motion for class certification: "Thus, assuming the named plaintiff files a timely motion for class certification after a Rule 68 offer of judgment, the certification motion will relate back to the date of the initial complaint. Accordingly, within fourteen days of a decision on a reasonably prompt motion for class certification, the Plaintiff may accept or reject Defendant I.Q. Data's offer." *See also Dees v. Collections U.S.A., Inc.*, No. CV-13-02525-PHX-NVW, Doc. 20 (D. Ariz. Feb. 28, 2014) ("Because the offer of judgment runs to the putative class representative only, it will be declared ineffective as a predicate for sanctions. If the Court certifies the class, the Defendant may make an offer of judgment. Any such offer must run to the class rather than to the class representative individually."). This Court should do the same with respect to Defendant's Offer here.

### Conclusion

For the aforementioned reasons, Plaintiff respectfully requests that this Court declare Defendant's Offer ineffective under Rule 68(d).

Date: August 11, 2017

/s/ Aaron D. Radbil
Aaron D. Radbil (*Pro Hac Vice*)
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913
Austin, Texas 78701
Phone: (512) 322-3912
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

Shireen Hormozdi
1770 Indian Trail Lilburn Road
Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
shireen@norcrosslawfirm.com

Counsel for Plaintiff and the
proposed classes

## CERTIFICATE OF CONFERRAL

Plaintiff's counsel conferred with counsel for Defendant regarding its Offer and the relief requested herein on August 10th and 11th, 2017, and counsel for Defendant confirmed that Defendant would oppose this motion and the relief requested.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was electronically filed via the Court's CM/ECF system on August 11, 2017, which will provide a copy to all counsel of record.

/s/ Aaron D. Radbil
Aaron D. Radbil
