# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| PHILLIP GILMORE, *on behalf of himself and others similarly situated*, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-119 (MTT) ) |
| USCB CORPORATION, | ) ) |
| Defendant. | ) ) |

## ORDER

Plaintiff Phillip Gilmore has moved to declare Defendant USCB Corporation's offer of judgment ineffective. Doc. 19. For the following reasons, Gilmore's motion is **GRANTED**.

## I. BACKGROUND

On March 30, 2017, Gilmore filed a class action complaint under the Telephone Consumer Protection Act ("TCPA") and the Fair Debt Collection Practices Act ("FDCPA"), alleging that USCB Corporation used an automatic telephone dialing system to place non-emergency calls to cellular telephone numbers without obtaining consent and engaged in a conduct that harassed, oppressed, or abused consumers in connection with collecting debts. Doc. 1 ¶¶ 2-3.

On August 2, 2017, USCB Corporation made to Gilmore a $7,500 offer of judgment in accordance with Federal Rule of Civil Procedure 68.[1] Docs. 19 at 1; 23 at 1. In response, Gilmore filed this motion. Doc. 19. To date, Gilmore has not moved to

---

[1] The offer also provided for payment of attorney's fees and costs to be negotiated by the parties. Doc. 19 at 1 n.1.

certify the putative class, and USCB Corporation has neither filed the offer of judgment with the Court[2] nor sought any relief as to the offer. Doc. 23 at 2.

## II. DISCUSSION

Gilmore argues that USCB Corporation's Rule 68 offer of judgment should be declared ineffective because it places him in the untenable position of choosing between his personal interest and the interest of the putative class he seeks to represent. Doc. 19 at 3, 5. If Gilmore accepts the offer, then members of the putative class would not recover; if Gilmore rejects the offer, and the ultimate judgment is less favorable than the unaccepted offer, then he "must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). This cost-shifting tactic, which is designed to "pick off" the named plaintiff prior to class certification, is not uncommon.[3] District courts across the country have many times addressed the issue of whether to invalidate a pre-certification offer made to a named plaintiff. *See, e.g., Slovin v. Sunrun, Inc.*, 2017 WL 2902902 (N.D. Cal.); *Leahy-fernandez v Bayview Loan Servicing, LLC*, 2016 WL 1047159 (M.D. Fla.); *Mavris v. RSI Enterprises Inc.*, 303 F.R.D. 561 (D. Ariz. 2014). In the absence of circuit authority, district courts have established and followed three main approaches. *See Mavris*, 303 F.R.D. at 564 (categorizing the three approaches).

First, some courts strike the Rule 68 offer of judgment. These courts reason that striking the offer is necessary to "prevent an improper conflict of interest between a

---

[2] Gilmore also did not file the offer with the Court "[o]ut of abundance of caution." Doc. 19 at 1 n.1.

[3] At one time, defendants attempted to "pick off" putative class representatives through another tactic: by offering "all of the recovery that a plaintiff could have possibly obtained from the defendant." Jack Starcher, *Addressing What Isn't There: How District Courts Manage the Threat of Rule 68's Cost-Shifting Provision in the Context of Class Actions*, 114 Colum. L. Rev. 129, 139 (2014). Some courts had held that such an offer "moots the plaintiff's claim because 'at that point the plaintiff retains no personal interest in the outcome of the litigation.'" *Id.* (quoting *Weiss v. Regal Collections*, 385 F.3d 337, 340 (3d Cir. 2004)). But this tactic was recently foreclosed by the Supreme Court in *Campbell-Ewald Co. v. Gomez.* 136 S.Ct. 663, 670 (2016). Accordingly, USCB Corporation relies on the second "pick off" tactic of creating a conflict between Gilmore and the putative class through Rule 68(d)'s cost-shifting provision.

putative class representative and the putative class." *March v. Medicredit, Inc.*, 2013 WL 6265070, at *4 (E.D. Mo.) (quotation marks and citation omitted); *see also Johnson v. U.S. Bank Nat'l Ass'n*, 276 F.R.D. 330, 335 (D. Minn. 2011) ("Like other courts have concluded, this Court concludes that Defendant's Rule 68 offer of judgment must therefore be stricken to prevent it from undermining the use of the class action device.").

Second, rather than striking the offer of judgment, some courts have declared the offer ineffective. These courts reason that there is no procedural mechanism to strike an offer of judgment because Federal Rule of Civil Procedure 12(f) permits striking matters only from pleadings. *Hrivnak v. NCO Portfolio Mgmt.*, 723 F.Supp.2d 1020, 1029 (N.D. Ohio 2010). Unless and until the offer of judgment is filed, there is nothing to strike. *See, e.g., McDowall v. Cogan*, 216 F.R.D. 46, 52 (E.D.N.Y. 2003) ("As defendants observe, there is nothing to strike here, as an offer of judgment is not filed with the court until accepted or until offered by a deferred party to prove costs."). Thus, to address the potential conflict of interest between a putative class representative and the putative class, courts in this group simply declare the offer ineffective. *See id.* at 50, 51 (rendering the offer ineffective in a pre-certification stage and noting that "if a defendant wishes to make an offer of judgment prior to class certification in the interests of effecting a reasonable settlement and avoiding the costs and inefficiencies of litigation, it must do so to the putative class and not to the named plaintiff alone").

Finally, some courts do nothing. Like the courts in the second group, these courts conclude that they "simply ha[ve] nothing to strike until the offer is filed on the record."[4] *Leahy-fernandez*, 2016 WL 1047159, at *2. However, unlike the second

---

[4] It is important to note that these courts in the third group do not condone a Rule 68 offer potentially undermining the class action mechanism set forth in Rule 23. Rather, as one court explained, "[r]ecognizing the existence of a problem does not, without more, give [the court] the authority to craft a solution." *White v. Ally Financial Inc.*, 2012 WL 2994302, at *4 (S.D. W. Va.).

group, these courts decline to declare the offer ineffective, reasoning that, because a defendant has not yet moved for relief under Rule 68, "determining the effectiveness of [the defendant's] offer of judgment would be advisory." *Id.*; *see also Combe v. Goodman Frost, PLLC*, 217 F. Supp. 3d 986, 989 (E.D. Mich. 2016) ("In light of this uncertainty about matters that have not yet (and may never) come to pass, Plaintiff's motion [to declare the offer of judgment ineffective] is aptly characterized as seeking an advisory opinion that the Court is not authorized to give.").

The Court favors the second approach. Both parties seem to agree that Rule 12(f) does not authorize this Court to strike the offer of judgment, and the Court agrees that until the offer is filed, there is nothing to strike. Docs. 19 at 1 n.1, 8 n.3; 23 at 1-2, 3-5. However, the Court believes it has the authority to declare an offer of judgment ineffective. Pursuant to Rule 23(d), this Court may "issue orders" that "impose conditions on the representative parties" and "deal with similar procedural matters." *Slovin*, 2017 WL 2902902, at *5. Logically, "to protect the putative class members" and "manage the class action in a manner consistent with the purposes of Rule 23," courts should have the ability to declare "pick off" offers of judgment ineffective. *Id.* (quotation marks omitted) (quoting *Boles v. Moss Codilis, LLP*, 2011 WL 4345289, at *4 (W.D. Tex.)).

Nor does the Court agree that, because USCB Corporation has not yet moved for relief under Rule 68, "'determining the effectiveness of [its] offer of judgment would be advisory.'" Doc. 23 at 6 (quoting *Leahy-fernandez*, 2016 WL 1047159, at *2). As other courts have recognized, a pre-certification offer of judgment can have "an immediate adverse impact" on the named plaintiff. *See, e.g., Johnson*, 276 F.R.D. at 335 (noting that "[e]ach time Plaintiff pushes the litigation forward on behalf of the class,

the cost-shifting risk to Plaintiff individually ratchets up, thus disincentivizing Plaintiff from acting in the best interest of the class"). So even if USCB Corporation has not moved for relief under Rule 68, "there is a current and meaningful legal dispute arising from the conflict of interests caused by the Rule 68 offer." *Johnson*, 276 F.R.D. at 335. By offering Gilmore $7,500, which Gilmore could not accept without breaching his duty to the putative class and could not reasonably expect to surpass at trial,[5] USCB Corporation attempts to shift onto Gilmore the "costs incurred after the offer was made." *See* Fed. R. Civ. P. 68(d). This "pick off" attempt "is an abuse of the Federal rules that is designed to do nothing more than frustrate class actions." *Mavris*, 303 F.R.D. at 566. Accordingly, the Court concludes that USCB Corporation's offer of judgment is ineffective for purposes of Rule 68(d).

## III. CONCLUSION

For the foregoing reasons, Gilmore's motion is **GRANTED**.[6]

**SO ORDERED**, this 6th day of November, 2017.

                                                  S/ Marc T. Treadwell
                                                  MARC T. TREADWELL, JUDGE
                                                  UNITED STATES DISTRICT COURT

---

[5] The TCPA allows an individual plaintiff to recover "actual monetary loss or $500 for each violation, whichever is greater. Damages may be trebled if the defendant willfully or knowingly violated the Act." *Gomez*, 136 S.Ct. at 667 (quotation marks omitted) (quoting 47 U.S.C. § 227(b)(3)). Moreover, the FDCPA allows an individual plaintiff to recover "any actual damage sustained by such person" as well as "such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. §§ 1692k(a)(1)-(2)(A). While Gilmore does not state any actual monetary loss sustained from the alleged violations of the TCPA and FDCPA nor can he presently ascertain the number of alleged violations, it seems clear USCB Corporation's offer of $7,500 exceeds the maximum statutory damages recoverable under both the TCPA and the FDCPA.

[6] As suggested by the court in *McDowall*, if USCB Corporation still seeks to make a pre-certification offer of judgment to reach a settlement in good faith, it must submit that offer to the putative class. *McDowall*, 216 F.R.D. at 51. Otherwise, USCB Corporation must wait until the Court rules on Gilmore's motion for class certification. If the Court denies the motion for class certification, at that time USCB Corporation may submit another Rule 68 offer of judgment to Gilmore. *Boles*, 2011 WL 4345289, at *4.