IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| PHILLIP GILMORE, *on behalf of himself and others similarly situated*, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-119 (MTT) ) |
| USCB CORPORATION, | ) ) |
| Defendant. | ) ) ) |

# ORDER

Plaintiff Phillip Gilmore filed a class action complaint against Defendant USCB Corporation, asserting violations of the Telephone Consumer Protection Act ("TCPA") and the Fair Debt Collection Practices Act ("FDCPA"). Doc. 1. The Court granted Gilmore's motion to amend his complaint. Doc. 14. After filing an answer, USCB Corporation moved for judgment on the pleadings on Gilmore's FDCPA claims pursuant to Federal Rule of Civil Procedure 12(c). Doc. 20. For the following reasons, USCB Corporation's motion (Doc. 20) is **DENIED**.

## I. BACKGROUND

Gilmore asserts that, "[s]ometime in 2017," USCB Corporation began calling his cellular telephone number in an attempt to collect an alleged debt. Doc. 13-1 ¶ 22. Specifically, Gilmore alleges that USCB Corporation placed at least one call on February 24, 2017 and another on February 28, 2017. *Id.* ¶ 23. Upon answering the call on at least one occasion, Gilmore states that a pre-recorded voice asked for a person named Johnny Lancaster and that he informed USCB Corporation that it had the

wrong number. *Id.* ¶¶ 29-31. Notwithstanding this conversation, Gilmore alleges USCB Corporation "placed additional calls to [his] cellular telephone number." *Id.* ¶ 24.

Based on USCB Corporation's continued calls, Gilmore claims a violation of 15 U.S.C. § 1692d of the FDCPA, which prohibits harassment or abuse in connection with the collection of a debt. *Id.* ¶ 80. USCB Corporation moved for judgment on the pleadings, arguing that Gilmore's amended complaint lacks sufficient facts to establish a claim under § 1692d(5) and that Gilmore lacks standing to bring such a claim because he is not a "consumer" as defined by § 1692a(3). Doc. 20-1 at 8.

## II. DISCUSSION

### A. Legal Standard under Rule 12(c)

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Douglas Asphalt Co. v. Qore, Inc.,* 541 F.3d 1269, 1273 (11th Cir. 2008) (citing *Cannon v. City of W. Palm Beach,* 250 F.3d 1299, 1301 (11th Cir. 2001)). "A motion for judgment on the pleadings is subject to the same standard as is a Rule 12(b)(6) motion to dismiss." *Provident Mut. Life Ins. Co. of Philadelphia v. City of Atlanta,* 864 F. Supp. 1274, 1278 (N.D. Ga. 1994).

To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), and therefore also a Rule 12(c) motion for judgment on the pleadings, a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550

U.S. 544, 570 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.,* 466 F.3d 1255, 1261 (11th Cir. 2006) (quotation marks and citation omitted). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir. 2002). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (quotation marks and citation omitted). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993).

**B.     Claims under Section 1692d**

Although not clear, Gilmore seems to assert two claims under § 1692d of the FDCPA: one for a violation of subsection (5) and one under the section generally.[1] Docs. 13-1 ¶ 3; 24 at 5. Section 1692d provides, in relevant part, the following:

---

[1] USCB Corporation does not raise the question of whether a plaintiff may bring claims under § 1692d and § 1692d(5) on the same set of facts, and the Court does not reach that question. *See Stirling v. Genpact Servs., LLC*, 2012 WL 952310, at *3 (C.D. Cal.) (noting that allowing the plaintiff to pursue both a § 1692d claim and a § 1692d(5) claim "based on exactly the same set of facts—without more—would not only effectively eviscerate the requisite intent contemplated in situations governed by § 1692d(5), but would also render that entire subsection superfluous. . . . Therefore, the Court finds that the more specific FDCPA provision, § 1692d(5), governs.").

> A debt collector[2] may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

In support of its motion, USCB Corporation cites numerous district court cases holding that the plaintiffs failed to make out claims under the FDCPA where the defendant collection agencies made many more calls and at a much greater frequency than in the present case. Doc. 20-1 at 6-7. However, as Gilmore correctly points out, in all of those cases, the various district courts decided the issue at the summary judgment stage of the litigation once the factual records had been established. Doc. 24 at 1. In the present case, discovery is ongoing, and the number and timing of the calls made to Gilmore are still under investigation.[3] Accordingly, deciding the issue of whether Gilmore established a violation of the FDCPA as a matter of law would be premature.

Moreover, pursuant to § 1692d(5), Gilmore is only required to plead enough facts to show that it is plausible that USCB Corporation caused his cellular telephone to ring

---

[2] The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). USCB Corporation does not seem to dispute its status as a "debt collector" within the meaning of the FDCPA.

[3] Gilmore has attached to his brief USCB Corporation's responses to his interrogatories. *See generally* Doc. 24-1. The Court did not consider such responses in ruling on the present motion. *See Brown v. Brock*, 169 F. App'x. 579, 581 (11th Cir. 2006) ("When reviewing a judgment on the pleadings, we will accept the facts in the complaint as true and view them in the light most favorable to the nonmoving party. Judgment can be rendered by looking at the substance of the pleadings and any judicially noticed facts. The only relevant "pleadings" in this case include the [amended] complaint and the answer.") (quotation marks, alterations, and citations omitted).

repeatedly or continuously with the intent to annoy, abuse, or harass. *Twombly*, 550 U.S. at 570. He has. Taking the facts in the light most favorable to Gilmore, the Court notes that USCB Corporation, despite being informed it had the wrong number, has placed more than two calls to Gilmore's cellular telephone number. While Gilmore does not provide in his amended complaint the exact number of calls he received or an explanation as to how the calls constituted harassment, the Court believes the *Twombly* standard does not require such detailed factual allegations for a straightforward FDCPA claim. *See Jeter v. Alliance One Receivables Mgmt.*, 2010 WL 2025213, at *5 (D. Kan.) (applying the *Twombly* standard and not requiring the plaintiff to show "the date on which [he] first received a call, how many calls he received, or the specific content of those calls, with an explanation as to how they were allegedly false, misleading, or harassing"). Thus, the Court concludes that Gilmore has stated a claim for relief under § 1692d that is plausible on its face.

USCB Corporation also argues that it is entitled to judgment as a matter of law because Gilmore is not a "consumer" as defined by § 1692a(3) of the FDCPA. Doc. 20-1 at 8. The Court disagrees. A "consumer" is defined by the FDCPA as "any natural person obligated or allegedly obligated to pay a debt." 15 U.S.C. § 1692a(3). While Gilmore does not allege to be a debtor, that is immaterial. One of the purposes of the FDCPA is to ensure that every person, including non-debtors, has a right to be treated in a reasonable manner. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1178 (11th Cir. 1985); *see also* § 1692k(a) ("Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to *any person* is liable to such person. . . .") (emphasis added). Though some of the FDCPA

provisions apply only to "consumers," *see, e.g.*, §§ 1692c(a), 1692g, 1692h, there is no such limitation under § 1692d. *See Meadows v. Franklin Collection Serv., Inc.*, 414 F. App'x 230, 234 (11th Cir. 2011) (permitting a claim under § 1692d of the FDCPA based on telephone calls to a non-debtor). Accordingly, Gilmore has standing to bring his claims under § 1692d.

### III. CONCLUSION

For the foregoing reasons, USCB Corporation's motion is **DENIED**.

**SO ORDERED**, this 9th day of November, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT